UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
STRIKE 3 HOLDINGS, LLC,

                           Plaintiff,              **REPORT AND**
                                                           **RECOMMENDATION**
   -against-                                                   18-cv-5305 (DRH)(SIL)

JOHN DOE, *subscriber assigned IP address 47.16.118.148*

                           Defendant.
-------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Denis R. Hurley for Report and Recommendation, is Strike 3 Holdings, LLC's ("Plaintiff" or "Strike 3") Motion for Default Judgment.  *See* Plaintiff's Motion for Default Judgment Against Defendant ("Motion"), Docket Entry ("DE") [18].  By way of Complaint filed on September 20, 2018, Plaintiff commenced this action alleging that an unnamed Defendant had infringed and continues to infringe its copyrights on Strike 3's films by illegally downloading, copying and distributing them without Plaintiff's authorization through the peer-to-peer file sharing software BitTorrent.  *See* Complaint ("Compl."), DE [1].  On November 7, 2018, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(d), the Court authorized Plaintiff to subpoena Defendant's Internet Service Provider to determine Defendant's identity based on his Internet Protocol ("IP") address.  *See* DE [7].  Upon obtaining Defendant's identity, Strike 3 filed its Amended Complaint under seal on April 5, 2019, *see* Amended

Complaint ("Amend. Compl."), DE [9],[1] and effectuated service of the Summons and Amended Complaint on April 15, 2019. *See* DE [13].[2] After Defendant failed to appear or otherwise defend this action, the Clerk of the Court entered default against him on November 13, 2019. *See* DEs [16-17]. On March 10, 2020, Plaintiff filed the instant motion,[3] which Judge Hurley referred to this Court for a Report and Recommendation. *See* Order Referring Motion, dated March 13, 2020. For the following reasons, the Court respectfully recommends that Strike 3's motion be granted.

## I. BACKGROUND

Plaintiff, a limited liability company that makes adult videos, is the registered owner of copyrighted adult films (the "Films"). Amend. Compl. ¶¶ 2-3, 12; *see also id*. at Exhibit ("Ex.") A. Defendant is an individual residing in New York State. *Id*. ¶ 11. Strike 3 alleges that Defendant used BitTorrent—a "system designed to quickly distribute large files over the Internet . . . [by] connect[ing] to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the file from and to other users"—to illegally download and distribute approximately 145 Films "over an extended period of time." *Id*. ¶¶ 16, 22-26. In so doing, Defendant

---

[1] In granting Plaintiff permission to subpoena Defendant's Internet Service Provider to determine Defendant's identity, the Court ordered Strike 3 to refer to Defendant as "John Doe" regardless of what information it ultimately received pursuant to the subpoena. *See* DE [7]. To comply with the Court's Order, Plaintiff filed its Amended Complaint naming Defendant under seal, *see* DE [9].
[2] Plaintiff effectuated "personal" service by delivering the Summons and Amended Complaint upon Defendant directly. *See* Motion, ¶¶ 4-7.
[3] As it did with the Summons and Amended Complaint, Strike 3 filed the instant motion under seal. S*ee* DE [19].

2

infringed upon Plaintiff's exclusive right to reproduce, redistribute, perform and display the Films, in violation of 17 U.S.C. §§ 106 and 501. *Id.* ¶ 40.

Strike 3 now moves for entry of a default judgment against Defendant for: (1) statutory damages in the amount of $108,750, pursuant to 17 U.S.C. § 504(c)(1); (2) a permanent injunction preventing Defendant from further infringing on its copyrights and requiring Defendant to destroy all copies of and digital media files relating to Plaintiff's works in his possession; (3) fees and costs in the amount of $400, pursuant to 17 U.S.C. § 505; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961. *See* Motion, ¶ 8; [Proposed] Default Judgment Against Defendant ("Proposed Order"), DE [18-4], at 2.

## II. DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *Id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of a default judgment is "entrusted to the sound judicial discretion

3

of the court[,]" and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at \*1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citations omitted). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at \*2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citation omitted).

### III. DISCUSSION

Plaintiff seeks to hold Defendant liable for infringement of its copyrights on the Films in violation of 17 U.S.C. §§ 106 and 501. Amend. Compl. ¶ 40. The Copyright Act grants copyright owners the exclusive rights to reproduce the copyrighted work, "prepare derivative works based upon the copyrighted work[,]" distribute copies of the copyrighted work to the public, and publicly perform and

4

display the copyrighted work. 17 U.S.C. § 106(1)-(6). A person or entity that violates a copyright owner's exclusive rights is liable for copyright infringement. 17 U.S.C. § 501; *see also Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 17-cv-2978, 2017 WL 4564763, at *2 (E.D.N.Y. Oct. 11, 2017) (citing 17 U.S.C. § 501). To properly plead a copyright infringement claim, a plaintiff must allege: "(1) which specific original works are the subject of the copyright claim, (2) that plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Adlife Mktg. & Commc'ns Co.*, 2017 WL 4564763, at *3 (internal quotation marks and citations omitted).

Applying these standards, the allegations in the Amended Complaint establish Defendant's liability for infringement of Strike 3's copyrights on the Films. With respect to the first two elements, Plaintiff clearly identifies each one of the Films by its "digital fingerprint," known as a "file hash," and asserts that it is the owner of the copyrights on the Films. Amend. Compl. ¶¶ 4-5, 21-28, Ex. A. Next, Strike 3 alleges that the Films were registered with the United States Copyright Office, or have pending copyright registrations, and provides the registration date and registration number of each one of the Films, as well as the application numbers for the Films pending registration. *Id.* ¶¶ 30-31, Ex. A. Finally, Plaintiff describes with specificity Defendant's acts that infringed its copyrights on the Films—namely that Defendant "downloaded, copied, and distributed a complete copy" of the Films—and explains the process by which Defendant used BitTorrent to commit the infringement. *Id.* ¶¶ 16-

5

29; *see also id.* at Ex. A (providing most recent date and time of Strike 3's connection to Defendant's IP address, through which Plaintiff could determine that Defendant had accessed the Films without authorization). Accordingly, the Court respectfully recommends that Defendant be held liable for copyright infringement. *See Malibu Media, LLC v. Greenwood*, No. 17-cv-1099, 2019 WL 7580083, at *3 (S.D.N.Y. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 209140 (S.D.N.Y. Jan. 14, 2020) (finding that plaintiff established defendant's liability as a matter of law where it provided copyright registration numbers and registration dates for each of the adult films at issue and alleged that defendant had downloaded and copied the films without authorization).

### A. <u>Copyright Infringement Remedies</u>

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. Appx. 28, 31 (2d Cir. 2014) (internal quotation marks and citation omitted). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992) (citation omitted). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).

As set forth above, Plaintiff seeks the following relief in connection with the default judgment: (1) statutory damages in the amount of $750 for each of the 145 copyright infringements, for a total of $108,750; (2) a permanent injunction preventing Defendant from further infringing on its copyrights and requiring Defendant to destroy all copies of and digital media files relating to Plaintiff's works in his possession; (3) fees and costs in the amount of $400; and (4) post-judgment interest.

> i.  *Statutory Damages*

Initially, Strike 3 seeks statutory damages under 17 U.S.C. § 504(c). Motion, ¶¶ 19-20. Statutory damages are only available to copyright owners who registered their copyright "[three] months after the first publication of the work or [one] month after the copyright owner . . . learned of the infringement[.]" 17 U.S.C. § 412; *see also Millennium TGA, Inc. v. Leon*, No. 12-cv-1360, 2013 WL 5719079, at *9 (E.D.N.Y. Oct. 18, 2013) (citing 17 U.S.C. § 412). A copyright owner who has registered its copyright may recover statutory damages of $750.00 to $30,000.00 for unintentional infringement and up to $150,000.00 for willful infringement. 17 U.S.C. § 504(c)(1)-(2). Courts have "wide discretion" in determining the amount of statutory damages to award. *Greenwood*, 2019 WL 7580083, at *3 (*citing Fitzgerald Publ'g Co. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1116 (2d Cir. 1986)).

As an initial matter, the Court notes that Plaintiff registered the Films within three months of their publication, Amend. Compl. Ex. A, and is therefore eligible to recover statutory damages. Although Strike 3 alleges that Defendant's infringement

7

was willful, Amend. Compl. ¶ 41; *see also* Motion, ¶¶ 19-20, it ultimately only requests $750 per infringement for a total of $108,750.  Motion, ¶ 10.

Courts in this Circuit consider the following factors to determine the appropriate amount of statutory damages: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Sadowski v. Render Media Inc.*, No. 17-cv-9045, 2020 WL 1178629, at *3-*4 (S.D.N.Y. Mar. 10, 2020) (citations omitted).  In light of Defendant's default, it is impossible for the Court to ascertain what, if any, profits Defendant earned by infringing (factor two) or the value of the infringing material (factor five).  Further, Plaintiff has provided no information regarding revenue it lost as a result of Defendant's infringement (factor three). Nonetheless, the Court can evaluate Defendant's state of mind and conduct from his default (factors one and six), as well as the deterrent effect of damages on Defendant (factor four).  An evaluation of these factors weighs in favor of awarding Strike 3 $108,750 in statutory damages.  First, based on Defendant's default, the Court may infer that his infringement was willful. *See Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 631 (S.D.N.Y. 2011) ("Courts frequently infer willfulness where a defendant defaults.") (citations omitted).  Second, the need to deter is great in cases where infringers, like Defendant, through the use of internet downloads, work with others to infringe copyrights. *See Arista Records LLC v.*

8

*Usenet.com, Inc.*, No. 07-cv-8822, 2010 WL 3629688, at *6 (S.D.N.Y. Feb. 2, 2010), *report and recommendation adopted*, 2010 WL 3629587 (S.D.N.Y. Sept. 16, 2010) (noting high need for deterrence where defendants were "not alone in their pursuit to make [p]laintiffs' works freely available via internet downloads[]") (citations omitted); *see also Greenwood*, 2019 WL 7580083, at *4 (finding that deterrent effect on defendant—who had used BitTorrent to download and copy copyrighted works—and other potential infringers justified a "significant award") (citations omitted).

Further, the Court notes that while Strike 3 and similar adult video companies—who have brought countless nearly identical infringement actions in courts across the country—have sought and received a wide range of statutory damages, some courts have awarded statutory damages between $1,500.00 and $2,250.00 per infringing work. *See, e.g.*, *Strike 3 Holdings, LLC v. Sellers*, 18-CV-00956, 2019 WL 5387450, at *2 (N.D.N.Y. Oct. 22, 2019) (awarding $750 per infringement of 32 works infringed); *Strike 3 Holdings, LLC v. Doe*, 18-CV-01173-TSH, 2019 WL 1277561, at *7 (N.D. Cal. Mar. 20, 2019) ("Strike 3 is requesting the minimum statutory amount permitted under the Copyright Act - $750 for each work infringed . . . Thus, the recovery sought is reasonable"); *Malibu Media, LLC v. Ling*, 80 F. Supp. 3d 1231, 1242-43 (D. Colo. 2015) (awarding $2,250.00 per infringement of 12 copyrighted adult films that defendant had infringed through the use of BitTorrent); *Malibu Media, LLC v. Flanagan*, No. 13-cv-5890, 2014 WL 2957701, at *4 (E.D. Pa. July 1, 2014) (awarding $1,500.00 per infringement of 20 copyrighted

9

adult films); *Malibu Media, LLC v. Cowham*, No. 13-cv-00162, 2014 WL 2453027, at *2 (N.D. Ind. June 2, 2014) (awarding $1,500.00 per infringement of 24 copyrighted adult films).

Accordingly, based on an evaluation of the aforementioned factors and taking into consideration the amount of statutory damages awarded in substantially similar cases, the Court finds an award of $750 per infringement reasonable and recommends that Plaintiff be awarded a total of $108,750 in statutory damages for Defendant's infringement of the Films.

      ii.    *Injunctive Relief*

Next, Strike 3 seeks injunctive relief prohibiting Defendant from infringing the Films. *See* Motion, ¶ 8; Proposed Order at 2. Under the Copyright Act, a court may grant injunctive relief on terms it finds "reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Moreover, "[a] court may grant a permanent injunction on a motion for default judgment." *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (citations omitted). Courts generally grant permanent injunctions "where liability has been established and there is a threat of continuing infringement." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 637 (S.D.N.Y. 2018) (internal quotation marks and citation omitted). A plaintiff seeking an injunction must show: "(1) irreparable injury in the absence of an injunction, (2) the inadequacy of monetary damages alone, (3) that the balance of hardships tips in its favor, and (4) that a permanent injunction would not disserve the public interest." *Id.* at 636 (internal quotation marks, citations

and alteration omitted); *see also Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 1839 (2006)).

Here, all four factors weigh in Plaintiff's favor. With respect to the first factor, Strike 3 has alleged that BitTorrent allows many users to exchange "pieces" of a digital media file and then reassemble these pieces to open and use the file. Amend. Compl. ¶¶ 16-21. Thus, Plaintiff argues, absent an injunction, Defendant's alleged infringement will be "continuous and ongoing." *Id.* ¶ 29. Such continuous infringement will irreparably injure Strike 3. *See Malibu Media, LLC v. Ofiesh*, No. 16-cv-202, 2017 WL 2633526, at *3 (N.D.N.Y. June 19, 2017) (finding irreparable harm where Defendant's use of BitTorrent allowed him to "distribute copies of the copyrighted works to other peers continuously, thereby facilitating future infringement[]"). Further, Defendant's ability to continue his infringement absent an injunction shows that monetary damages are insufficient to provide Plaintiff with relief. *See Rovio Entm't, Ltd.*, 97 F. Supp. 3d at 547 (finding monetary damages insufficient to provide relief where there existed a danger that defendant might continue infringing). Next, the balance of hardships favors Strike 3, as "it is axiomatic that an infringer cannot complain about the loss of ability to offer its infringing product." *See McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018) (internal quotation marks, citation and alterations omitted). Finally, enjoining Defendant from downloading and distributing the Films would not disserve the public interest. *See Beastie Boys v. Monster Energy Co.*, 87 F.

11

Supp. 3d 672, 679 (S.D.N.Y. 2015) (finding that permanent injunction to an infringing video would not disserve the public interest). On the contrary, "the public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." *Id.* (internal quotation marks, citation and alterations omitted); *see also WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (citations omitted).

Accordingly, the Court respectfully recommends that Plaintiff's request for an injunction prohibiting Defendant from further infringement be granted.

Strike 3 further requests that the injunction include an order requiring destruction of all copies of and digital media files relating to Plaintiff's works in his possession. *See* Motion, ¶ 8; Proposed Order at 2. The Copyright Act authorizes courts to order the destruction of unauthorized copies of copyrighted works. 17 U.S.C. § 503(b). Accordingly, the Court respectfully recommends granting Plaintiff's request for an injunction directing destruction of Defendant's copies of and digital media files relating to the Films. *See McGraw-Hill Glob. Educ. Holdings, LLC*, 323 F. Supp. 3d at 500 (granting request for an injunction directing destruction of unauthorized copies); *Triangl Grp. Ltd. v. Jiangmen City Xinhui Dist. Lingzhi Garment Co. Ltd.*, No. 16-cv-1498, 2017 WL 2829752, at *10 (S.D.N.Y. June 22, 2017) (same).

### iii. *Court Costs and Service Fees*

Strike 3 further seeks $400 in court costs and service fees, which includes a $400.00 filing fee. *See* Motion, ¶ 21; Proposed Order at 10; Declaration of Jacqueline M. James, Esq. in Support of Plaintiff's Motion for Default Judgment Against

12

Defendant ("James Decl."), DE [18-2], ¶ 7. The Copyright Act authorizes a court, "in its discretion," to order the payment of court costs to the prevailing party. *Johnson v. Magnolia Pictures LLC*, No. 18-cv-9337, 2019 WL 4412483, at *4 (S.D.N.Y. Sept. 16, 2019) (quoting 17 U.S.C. § 505). In support of its request, Plaintiff has submitted its attorney's declaration of the costs incurred. *See* James Decl. ¶ 7. In the absence of invoices, receipts or other documentary proof of the costs sought, however, courts decline to award costs. *Nicaisse v. Stephens & Michaels Assocs., Inc.*, No. 14-cv-1570, 2016 WL 4367222, at *9 (E.D.N.Y. June 9, 2016), *report and recommendation adopted*, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016). Fees are nonetheless "recoverable without supporting documentation if verified by the docket." *Feltzin v. Union Mall LLC*, No. 16-cv-2303, 2019 WL 4022292, at *9 (E.D.N.Y. Mar. 12, 2019) (citations omitted). Accordingly, the Court respectfully recommends awarding the $400.00 filing fee paid on September 20, 2018, which is reflected on the docket. *See* DE [1].

      *iv.   Post-Judgment Interest*

Finally, Plaintiff seeks post-judgment interest under 28 U.S.C. § 1961. Proposed Order at 2. Pursuant to 28 U.S.C. § 1961(a), "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks, citation and alteration omitted). The exercise of judicial discretion in awarding post-judgment interest is not permitted, *id.* (citation omitted), and thus, the Court recommends awarding post-judgment interest at the

13

current legal rate allowed and accruing under 28 U.S.C. § 1961(a), from the date of the entry of judgment in this case until Defendant has satisfied the judgment.

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Strike 3's motion for default judgment be granted. Specifically, the Court recommends that Plaintiff's motion as to Defendant's liability be granted and that Strike 3 be awarded: (1) $108,750 in statutory damages; (2) an injunction prohibiting Defendant from further infringement and ordering him to destroy all copies of and digital media files relating to the Films; (3) $400.00 in fees and costs; and (4) post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Strike 3 is directed to serve a copy of it on Defendant via first-class mail and file proof of service by ECF within three days of the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:       Central Islip, New York
                November 12, 2020

                                              <u>/s/ Steven I. Locke</u>
                                              STEVEN I. LOCKE
                                              United States Magistrate Judge